E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1612-GHK (JCGx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | *Cynthia Kent, et al. v. American Medical Systems, Inc.* | | |

**Presiding: The Honorable** **GEORGE H. KING, U. S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings: (In Chambers) Order to Show Cause**

On February 24, 2012, Plaintiffs Cynthia Kent and Dan Kent (collectively "Plaintiffs") filed a Complaint in this Court asserting negligence and product liability claims against Defendant American Medical Systems, Inc. ("Defendant" or "AMS"). The Complaint fails to establish why venue is proper in the Central District of California.

Plaintiffs assert that "[v]enue is proper in this District Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction within this District." (Compl. ¶ 2). Under 28 U.S.C. § 1391(b), a civil action founded solely on diversity of citizenship may only be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Plaintiffs' Complaint fails to establish that venue is proper in this district under § 1391(b)(1) because Plaintiffs provide no information demonstrating that Defendant "resides" in this district. Section 1391(c)(2) provides that a corporate defendant[1] like AMS "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Plaintiffs state that we have personal jurisdiction over Defendant because "Defendant placed a defective product in the stream of commerce and that product caused personal injury to Plaintiff." (Compl. ¶ 2). Plaintiffs do not provide any information whatsoever supporting their bare assertion that Defendant would ever be subject to personal jurisdiction within this district, let alone subject to personal jurisdiction here "with respect to [this] civil action" as § 1391(c)(2) requires.

[1] This aspect of § 1391, which was recently amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011), is not limited to corporate defendants and instead refers to any "entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated." 28 U.S.C. § 1391(c)(2).

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1612-GHK (JCGx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | *Cynthia Kent, et al. v. American Medical Systems, Inc.* | | |

Plaintiffs allege that Defendant is incorporated in Delaware with its principal place of business in Minnesota, (*id.* ¶ 4), that Plaintiffs are "residents of the State of Texas," (*id.* ¶ 3), and that Cynthia Kent was implanted with a defective product designed and sold by Defendant, (*id.* ¶ 6). Plaintiffs further assert that "[a]t all times relevant herein, the Products were expected to reach, and in fact did reach, consumers in the State of Texas." (*Id.* ¶ 23).

Based on Plaintiffs' Complaint, it is unclear how a non-resident Defendant who sells a product that reaches non-resident Plaintiffs becomes subject to personal jurisdiction in this district merely because it "placed a defective product in the stream of commerce," which reached and caused injury to Plaintiffs in Texas. Accordingly, the Complaint does not establish that Defendant "resides" in this district within the meaning of § 1391(b)(1).

The Complaint also fails to establish that venue is proper in this district under § 1391(b)(2) because the Complaint does not reference a single event that allegedly occurred in this district, let alone "a substantial part of the events or omissions giving rise to the claim." Finally, Plaintiffs fail to establish that venue is proper in this district under § 1391(b)(3), which only applies if the action could not have been brought in any other district under § 1391(a)(1) or (2). Indeed, based on Plaintiffs' Complaint, it would seem that venue may be proper in a U.S. District Court in Delaware (where Defendant is incorporated), Minnesota (where Defendant is located), or Texas (where a substantial part of the events giving rise to the claim appear to have occurred and where Defendant may be subject to personal jurisdiction with respect to this action).

Plaintiffs' Complaint does not reveal any basis for venue in the Central District of California. Plaintiffs are **ORDERED TO SHOW CAUSE**, in writing, **within twelve (12) days**, as to why this matter should not be dismissed for improper venue or, in the alternative, transferred to one of the above-mentioned U.S. District Courts. Plaintiffs' failure to timely and adequately show cause shall be deemed Plaintiffs' admission that venue is improper in this Court, and the action will be dismissed or transferred.

**IT IS SO ORDERED.**

-- : --

Initials of Deputy Clerk Bea